GUIDRY, Judge.
On November 25, 1985, appellant, Noel H. Reed, filed an application for certification as a polygraphist with the Louisiana Polygraph Board, pursuant to La.R.S. 37:2831, et seq. The Board determined that Reed’s application was incomplete. Correspondence between the parties commenced and, on April 15, 1986, the Board notified Reed that certification would be refused. In accordance with the Polygra-phist Act, an administrative hearing on the refusal was scheduled and held on June 24, 1986, at which time the applicant was represented by counsel and allowed to present any relevant evidence on his behalf. Following that hearing, certification was once again denied. Reed, in accordance with La.R.S. 37:2851, appealed the Board’s decision to the Ninth Judicial District Court. That court affirmed the Board’s action and Reed appealed to this court, alleging the following errors:
1. The district court erred in denying appellant’s appeal in that it did not follow the plain language of R.S. 37:2839.
2. The district court erred in denying appellant’s right to due process and equal protection under the Louisiana and United States Constitutions.
These same issues were raised before the district court. We agree with the resolution by the district court of these issues and we adopt the trial court’s well written reasons for judgment as our own.
“This is a judicial review of a decision of the Louisiana State Polygraph Board re *162 fusing to certify plaintiff as a polygra-phist under the provisions of La.R.S. 37:2831 through 2854 inclusive. The grounds for refusal relied on by the Board are set forth in La.R.S. 37:2848, sub-paragraphs (c) and (g). The applicable provisions of said statute are as follows:
R.S. 37:2848 Refusal, suspension, revocation; grounds
The board may refuse to issue, or may suspend or revoke a certificate on any one or more of the following grounds:
(c) material mis-statement [sic] in the application for original certificate or in the application for any renewal certificate under this Chapter.
(g) Demonstration of unworthiness or incompetency to act as a polygra-phist as defined by this Chapter ...
In support of said grounds the Board found that appellant had made a material mis-statement [sic] in his application for a certificate in that he failed to state the true reasons for his termination of employment with the Louisiana State Police. His application for a certificate, which was filed on November 25,1985, failed to give any reason for his termination from employment with the Louisiana State Police in 1979. The form furnished by the Board required that the reasons for termination of any previous employment be stated in the application. The Board had the right to seek this information under the provisions of La.R.S. 37:2840. Appellant’s application of November 25, 1985 did not reflect this information. This was called to his attention and by letter dated March 4, 1986, he, in effect, amended his application with the following statement:
‘However, in the early part of 1979, specifically March 26, 1979, I resigned to avoid disciplinary action. I later rescinded my resignation and contested my termination from the Louisiana State Police to the Civil Service Board, Appeals Board in which I lost. The matter involved was a violation of a procedure. In the violation of procedure in which I was terminated, it was stated “that I used a pre-signed employment voucher”, in other words, having an informant pre-sign vouchers in order to save meeting with said informant in person. This was the basis of my dismissal. There was no accusation of misuse of money, only violation of procedure.’
The Board subsequently learned and it was shown at the administrative hearing that appellant had used the pre-signed vouchers to obtain money for his own use and that while suspended he had used his position as a State Policeman to influence an automobile dealer to lend him a car for police work, but which in fact was for his personal use. Appellant neither objected to the introduction of this evidence at the administrative hearing nor did he in anyway deny or attempt to refute it. [See Reed v. Department of Public Safety, etc., 393 So.2d 157 (La.App. 1st Cir.1980), writ denied, 398 So.2d 531 (La.1981) ].
The Board also cited the above incident as a demonstration of ‘unworthiness’ as grounds for its refusal to issue a certificate to the appellant. Additionally, the Board investigated other charges against appellant which they felt reflected on his honesty and integrity. These arose out of the fact that in November of 1985 he was paid $3,944.00 each from Donald Ma-sinter and Nancy Misenheimer to purchase for them a Lafayette Instrument Company polygraph. On December 6, 1985, the polygraph instruments were shipped C.O.D. and were paid for by appellant with two checks in the amount of $3,944.00 each. Appellant subsequently stopped payment on the checks causing the manufacturer to make demands upon Donald Masinter and Nancy Misenheimer for payment for the instruments. Despite repeated attempts by Mr. Masinter, Ms. Misenheimer and the Lafayette Instrument Company and despite urgings by individual members of the Louisiana Polygraph Board, applicant was unable to show on June 24,1986, the date of the hearing, that the matter had been satisfactorily taken care of. The best appellant could do was state that when the *163 last check he sent to the company is presented to the bank there would be sufficient funds to cash it. He acknowledged that there were not funds on deposit that date sufficient to cover the check and explained that he had deposited a draft which, because of normal banking delays, had not yet been honored.
Appellant argues that he had been engaged in the business of polygraphy for a period of two years before the effective date of the act and had been using the minimum instrumentation required by law, and that accordingly he was entitled to be issued a certificate under the grandfather provisions of R.S. 37:2839 irrespective of the reasons innumerated [sic] by the Board in the denial of this application. Appellant argues that under the provisions of R.S. 37:2839, it is mandatory that the Board issue him a certificate once he has satisfied the qualification requirements of that section. There is no dispute that appellant meets these qualifications. The question is can the Board refuse to issue a certificate under the provisions of Section 2848 if an applicant meets the qualifications of section 2839. The Court feels that it can.
Section 2838 lists the qualifications an applicant must have to receive a certificate as a polygraphist. Section 2839 modifies these qualifications where the applicant is actually in business on the effective date of the section. It is apparent that these Sections merely set forth the qualifications an applicant needs to be considered for a certificate and Section 2848 sets forth the grounds on which the Board can refuse to issue a certificate.
There is ample evidence in the record on which the Board could base its decision. Appellant had knowledge of those matters to be considered by the Board prior to the hearing and was given the opportunity to answer, explain or refute them. He was not denied due process of law. The decision is not in violation of any statutory requirements and does not appear in any way to be arbitrary or capricious. As the decision meets all requirements of R.S. 37:2848, it must be affirmed.”
Accordingly, plaintiffs appeal is rejected at his costs and the ruling of the Louisiana State Polygraph Board and the decision of the district court are affirmed.
AFFIRMED.